UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAFTSHACK, INC.,
Plaintiff,

-v-

BROOKLYN FARE WINES & SPIRITS, LLC, *et al.*,
Defendants.

26-CV-1969 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Before the Court is a motion for default judgment filed by Plaintiff CraftShack, Inc. ("CraftShack"). (ECF No. 20.) For the reasons that follow, that motion is granted as modified.

## I. Procedural History

On March 10, 2026, CraftShack filed a complaint asserting claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*., against Defendants Brooklyn Fare Wines & Spirits, LLC; Brooklyn Fare Greenwich, LLC (together, "Brooklyn Fare"); and ten John Doe Defendants (collectively, "Defendants").[1] (*See generally* ECF No. 1 ("Compl.").) Brooklyn Fare was served on March 13, 2026, so its deadline to move, answer, or otherwise respond to the complaint was April 3, 2026. (*See* ECF Nos. 9, 10.) Brooklyn Fare did not appear or respond to the complaint. Accordingly, CraftShack obtained certificates of default against Brooklyn Fare on June 11, 2026. (*See* ECF Nos. 17, 18.) On August 31, 2026,

[1] The complaint also asserts claims for vicarious and/or contributory copyright infringement against the ten John Doe Defendants. (*See* Compl. ¶¶ 22-27.) The Complaint characterizes the John Doe Defendants as "other parties not yet identified who have infringed CraftShack's copyrights," whose "true names, whether corporate, individual, or otherwise . . . are presently unknown to CraftShack." (*Id.* ¶ 7.)

CraftShack filed this motion for default judgment as to Brooklyn Fare (ECF No. 20), accompanied by a memorandum of law (ECF No. 21 ("Mem.")), a supporting declaration (ECF No. 22), a proposed default judgment (ECF No. 23), and a certificate of service (ECF No. 24).

## II. Factual Background

Brooklyn Fare has not participated in this litigation despite service of the complaint, the instant motion, and its supporting documents. (*See* ECF Nos. 9, 10, 24.) Accordingly, the Court accepts as true all well-pleaded allegations in the complaint but must determine whether those allegations establish a legal basis for liability. *Ergin v. 8th Hill Inc.*, No. 20-CV-4594, 2021 WL 4267635, at *2 (S.D.N.Y. Sep. 20, 2021) (Nathan, J.); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [the defendant's] default, a court is required to accept all . . . factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor.").

CraftShack runs an online craft beer marketplace and ships beer and liquor directly to customers. (Compl. ¶ 9.) As part of its business, CraftShack created hundreds of original photographs of the products it sells to standardize the quality and style of said photographs on its website, including the twenty-five photos of alcoholic beverage products at issue in this case (the "Subject Photographs"). (*Id.* ¶¶ 9, 11; *see also* ECF No. 1-1.) CraftShack alleges that the homogenous and stylized photographs created immense value for CraftShack and its customers. (Compl. ¶ 9.) CraftShack offers licenses for the use of its original photos to alcohol retailers and other companies. (*Id.* ¶ 10.) CraftShack is the sole and exclusive owner of the Subject Photographs. (*Id.* ¶ 12.) Prior to the alleged infringement at issue here, CraftShack registered the Subject Photographs with the United States Copyright Office and received registration certificates for them. (*Id.*)

Brooklyn Fare is a grocery retailer based in New York that offers both in-store and online sales of groceries, including alcoholic beverage products. (*Id.* ¶ 13.) Brooklyn Fare promotes its products on its website using product photographs. (*Id.*) After CraftShack published the Subject Photographs on its website, Brooklyn Fare copied and displayed the Subject Photographs on its own website without CraftShack's consent. (*Id.* ¶ 14; *see also* ECF No. 1-2.) On July 8, 2024, CraftShack sent a cease-and-desist letter to Brooklyn Fare regarding the Subject Photographs, to which "Brooklyn Fair failed to meaningfully respond, necessitating this action." (Compl. ¶ 15.)

## III. Discussion

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment against a party who fails to defend: (1) the entry of a default, and then (2) the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.* Under Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A. Default Judgment

"[T]he court is expected to exercise 'sound judicial discretion' in determining whether a default judgment should be entered." *Myeress v. Elite Travel Grp. USA*, No. 18-CV-340, 2018 WL 5961424, at *1 (S.D.N.Y. Nov. 14, 2018) (Nathan, J.) (quoting 10A Wright & Miller's Fed.

Prac. & Proc. § 2685 (4th ed. 2017)). In determining the propriety of a default judgment, the Court may consider a wide range of factors such as the amount of money at stake, the willfulness of default, the existence of any meritorious defenses to the plaintiff's claims, the prejudice to the non-defaulting party that would result from denial of the motion for default judgment, and the plaintiff's conduct throughout the litigation. *Id.*

Here, the entry of a default judgment is warranted. Brooklyn Fare's "non-appearance in the action" and "failure to respond to the [c]omplaint . . . indicate willful conduct." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). The Court is not aware of any meritorious defense to copyright infringement here. And "without the entry of a default judgment . . . the plaintiff will have no recourse." *Idir v. La Calle TV, LLC*, No. 19-CV-6251, 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020).

**B. Liability**

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copyright of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "A certificate of registration is *prima facie* evidence that a copyright is valid." *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 303 (S.D.N.Y. 2017).

CraftShack's factual allegations establish that Brooklyn Fare is liable for copyright infringement. CraftShack registered the Subject Photographs with the United States Copyright Office, and the registration numbers of the Subject Photographs are included in complaint. (Compl. ¶¶ 11-12; ECF No. 1-1.) CraftShack further alleges that Brooklyn Fare used the Subject Photographs to advertise products on its website, and the screenshots provided suggest that they

did. (Compl. ¶ 14; ECF No. 1-2.) CraftShack is thus entitled to a default judgment on its claim for copyright infringement under the Copyright Act.

### C. Damages

CraftShack seeks $75,000 in statutory damages per work infringed, for a total of $1,875,000 in statutory damages. (Mem. at 9-10.) Additionally, CraftShack seeks $2,831 in legal fees and $549.20 in filing costs. (ECF No. 22 ¶¶ 17-18.) As explained below, the Court grants CraftShack's request for damages as modified. Specifically, CraftShack will be awarded $37,500 in statutory damages under the Copyright Act; $2,592.50 in legal fees; and $549.20 in filing costs, for a total of $40,641.70.

#### 1. Statutory Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (per curiam) (cleaned up). "Establishing the appropriate amount of damages involves two steps: (1) determining the proper rule for calculating damages on a claim; and (2) assessing plaintiff's evidence supporting the damages to be determined under this rule." *Myeress*, 2018 WL 5961424, at *2 (cleaned up). The Court may conduct a hearing to determine the proper amount of damages, but need not do so "as long as the Court ensures that there was a basis for the damages specified in the default judgment." *Id.* at *3 (alterations adopted) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). Here, the Court determines that a hearing is unnecessary "because the plaintiff's submissions have not been contested and they provide all the information

necessary to determine the plaintiff's damages" under the Copyright Act. *Idir*, 2020 WL 4016425, at *2. "Moreover, no party in this case has requested a hearing on damages." *Id.*

The Copyright Act allows a copyright owner to recover "either (1) the copyright owner's actual damages and any additional profits of the infringer or (2) statutory damages." *Id.* (quotation marks omitted). For statutory damages, the Copyright Act allows recovery "in a sum of not less than $750 or more than $30,000 as the court considers just" per work infringed. 17 U.S.C. § 504(c)(1). In cases of willful infringement, the Copyright Act allows the Court to increase the award of statutory damages to no more than $150,000 per infringed work. *Id.* § 504(c)(2). The Copyright Act vests the Court with "wide discretion" in setting the amount of statutory damages. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986). In determining the appropriate award of statutory damages, "courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

To be sure, certain factors favor an award of statutory damages above the minimum of $750 per work infringed in this case. For example, "the Court may infer from the fact of [Brooklyn Fare's] default that it acted as a willful infringer." *Idir*, 2020 WL 4016425, at *2 (quotation marks omitted). Also, Brooklyn Fare's "default and subsequen[t] silence show[] a lack of cooperation in determining damages." *Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co.*, 291 F. Supp. 3d 554, 559 (S.D.N.Y. 2018). And general deterrence against willful, uncooperative infringers "weighs in favor of a higher award." *Idir*, 2020 WL 4016425, at *3.

"However, not all willful conduct constitutes the kind of truly egregious conduct that justifies maximum damages." *Reilly v. Commerce*, No. 15-CV-5118, 2016 WL 6837895, at *9 (S.D.N.Y. Oct. 31, 2016) (quotation marks and citation omitted). "Courts have often refused to award the statutory maximum without any evidence of lost revenue or information about a defendant's profits." *Myeress*, 2018 WL 5961424, at *3. Here, CraftShack has not provided "any evidence of lost revenue or information about [Brooklyn Fare's] profits," nor has CraftShack shown that Brooklyn Fare "profit[ed] significantly despite repeated notices that [it was] infringing on [CraftShack's] copyright." *Id.*

In similar cases in which the defendant defaulted on a copyright infringement claim arising from their use of a copyrighted photograph on their website, courts in the Second Circuit have declined to award high statutory damages. *See, e.g.*, *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149, 2020 WL 1233943, at *6 (E.D.N.Y. Mar. 13, 2020) (awarding $1,000 for a single instance of willful infringement where "there [was] no evidence of actual harm"); *Mantel v. Smash.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (awarding $2,500 for a single instance of willful infringement without any evidence of actual harm); *Idir*, 2020 WL 4016425, at *3 (same). The Court therefore concludes that an award of $1,500 per work infringed—for a total of $37,500 in statutory damages—is appropriate. Specifically, the Court finds that Brooklyn Fare's "apparent willfulness and the need to deter such conduct justifies an award greater than the minimum of $750, but a higher award is not warranted where there is no evidence of actual losses." *Idir*, 2020 WL 4016425, at *3.

**2. Attorney's Fees and Costs**

Under 17 U.S.C. § 505, this Court may also award costs and reasonable attorney's fees to a prevailing party in a copyright action. Here, an award of costs and fees "is warranted given the

defendant's willful conduct and failure to offer any defense to the plaintiff's claims." *Idir*, 2020 WL 4016425, at *4. However, the Court concludes that CraftShack is entitled to reduced fees in the amount of $2,592.50—not the $2,831 CraftShack requested. (*See* ECF No. 22 ¶¶ 17-18.)

CraftShack's proposed $2,831 in legal fees represents 5.3 hours of associate time billed at an hourly rate of $395, in addition to 5.9 hours of senior paralegal time at an hourly rate of $125. When calculating the proper amount of attorney's fees to be awarded to a prevailing party, courts typically apply the "lodestar" method. *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Under that method, "the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a presumptively reasonable fee." *Id.* A given hourly rate is reasonable if it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984).

Applying those metrics here, the requested hourly rate of $125 for paralegal London Zamora is reasonable. "Courts in this district typically cap paralegal hourly rates at $150 to $200 per hour." *Williams v. Block.one*, No. 20-CV-2809, 2025 WL 316268, at *2 (S.D.N.Y. Jan. 28, 2025). Conversely, the requested hourly rate of $395 for attorney David Michael Stuart Jenkins is high, especially considering the dearth of information supplied as to Mr. Jenkins's credentials, experience, and training. *See Malletier v. Artex Creative Intern. Corp.*, 687 F. Supp. 2d 347, 362 (S.D.N.Y. 2010) ("Where the moving party fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested." (quotation marks omitted)). Indeed, the affidavit in support of CraftShack's motion for default judgment does not provide significant detail as to the experience of Mr. Jenkins; it states only that he has "years of experience litigating complex civil matters."

(ECF No. 22 ¶ 17.) Mr. Jenkins's law firm's website indicates that he is an associate. And "[a] review of cases in this district and in the Eastern District of New York suggests that courts have approved associate rates of $350, and up to $500 for partners in copyright cases." *Myeress*, 2018 WL 5961424, at *5. The Court therefore reduces Mr. Jenkins's hourly rate from $395 to $350.

The hours spent by Mr. Jenkins and Ms. Zamora on this case were reasonable. Mr. Jenkins billed 5.3 hours and Ms. Zamora billed 5.9 hours prosecuting this case, and their contemporaneous billing records demonstrate that the time they spent was reasonable and not duplicative. (*See* ECF No. 22-8.) Multiplying the appropriate rates by these reasonable hours produces an award of legal fees in the amount of $2,592.50.

Finally, CraftShack seeks $549.20 in costs. (ECF No. 22 ¶ 18.) The prevailing party is entitled recover its "full costs" incurred in prosecuting the copyright action. 17 U.S.C. § 505. CraftShack seeks to recover its court filing fee and service fee. "Such costs are reasonable." *Myeress*, 2018 WL 5961424, at *5. CraftShack is therefore awarded $549.20 in costs.

## IV. Conclusion

For the foregoing reasons, CraftShack's motion for default judgment is GRANTED as modified. CraftShack is entitled to an award of $37,500 in statutory damages, $2,592.50 in attorney's fees, and $549.20 in costs.

The Clerk of Court is respectfully directed to enter judgment in favor of CraftShack and against Defendants Brooklyn Fare Wines & Spirits, LLC and Brooklyn Fare Greenwich, LLC in

the total amount of $40,641.70. The Clerk of Court is also directed to close the motion at ECF No. 20 and to close this case.[2]

SO ORDERED.

Dated: October 13, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

[2] CraftShack has not identified or served the John Doe Defendants. Accordingly, the Court *sua sponte* dismisses the claims against the John Doe Defendants. *See Jackson v. Nassau Cnty.*, No. 18-CV-3007, 2024 WL 4252047, at *36 n.33 (E.D.N.Y. Sept. 20, 2024); *Gee v. City of New York*, No. 24-CV-1300, 2026 WL 1970928, at *9 (S.D.N.Y. July 8, 2026).